**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IRVING D. CARRASQUILLO-OLIVERAS,<br><br>         Plaintiff,<br><br>              v.<br><br>COMMONWEALTH OF PUERTO RICO, ET ALS.,<br><br>         Defendants. | CIV. NO. 09-1706 (PG) |

### OPINION AND ORDER

Pending before the Court is defendants' motion to dismiss (Docket No. 14). For the reasons set forth below, the Court **GRANTS** the defendants' request.

### I. BACKGROUND

On July 24, 2009, plaintiff Irving D. Carrasquillo-Oliveras ("Carrasquillo" or "Plaintiff") filed the above-captioned claim against the Commonwealth of Puerto Rico, the Puerto Rico Administration of Corrections ("AOC"), and individual defendants Carlos Molina, Elizabeth Lugo, Migdalia Cintron, Wilfredo Horta (hereinafter collectively referred to as "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff is an inmate under the custody of the AOC who alleges that Defendants have retaliated against him for writing to the Courts and for using the administrative remedies available to him to resolve his grievances. See Docket No. 2 at page 5. Plaintiff states that previously filed a complaint in state court prior to the present claim, but that is was dismissed in December of 2008. Id. at 2. Carrasquillo now claims that the individual defendants have violated his constitutional rights and discriminated against him because of the felonies he has committed and that he has been denied the right to rehabilitation. Id. at pages 5-6. According to Plaintiff, Defendants' actions have caused him personal and psychological damages, and thus, requests that this Court grant him monetary damages in the amount of $1,000,000 and that co-defendant Elizabeth Lugo be removed as his socio-penal technician. Id. at pages 8-9.

Instead of answering the complaint, the Defendants filed the present motion requesting that Plaintiff's suit be dismissed based on the following grounds: (1) that Defendants are immune from suit pursuant to the Eleventh

Amendment; (2) that Plaintiff has failed to exhaust administrative remedies; (3) that Plaintiff has failed to allege a physical injury as required by law; (4) that Plaintiff has failed to allege a violation of his constitutional rights; (5) that Plaintiff failed to comply with the Federal Rules of Civil Procedure by filing his complaint in the Spanish language. See Docket No. 14. The motion to dismiss stands unopposed.

## II. STANDARD OF REVIEW

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

CIV. NO. 09-1706 (PG)                                                    Page 3

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

**A. Eleventh Amendment Immunity**

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "[F]or Eleventh Amendment purposes, the Commonwealth [of Puerto Rico] is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay-Sánchez v. Pereira, 343 F.Supp.2d 65, 71-72 (D.P.R. 2004) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir.1993)).

"The Supreme Court has held that the doctrine of sovereign immunity reaches beyond the words of the Eleventh Amendment, extending immunity to state governments in suits not only by citizens of another state, but by its own citizens as well." Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir.2009) (citing Alden v. Maine, 527 U.S. 706 (1999)). "An administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment, and it thus shares the same immunity." Vaqueria Tres Monjitas, 587 F.3d at 477 (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)).

In light of the foregoing, Plaintiff cannot maintain claims for monetary damages against the state and the individual defendants in their official

CIV. NO. 09-1706 (PG)                                                    Page 4

capacities.[1] Accordingly, the Court **GRANTS** Defendants' request for dismissal on Eleventh Amendment grounds, and hereby dismisses Plaintiff's claims for monetary damages against the Commonwealth, the AOC, and the individual co-defendants in their official capacities.

**B. Exhaustion of Administrative Remedies**

In their motion to dismiss, the Defendants contend that we must dismiss this case because Plaintiff failed to exhaust administrative remedies. Despite having sought relief through prison grievance procedures, the Defendants claim Carrasquillo failed to seek the appropriate judicial review as required by local law. See Docket No. 14.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." Woodford v. Ngo, 548 U.S. 81, 85 (2006) (internal citations omitted). Also, "a prisoner must now exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." Id.

In his complaint, Plaintiff admits to having exhausted all administrative remedies within the AOC. Plaintiff also sets forth that prior to filing the above-captioned claim in federal court, he filed a complaint in the Superior Court of Ponce, Puerto Rico to no avail. See Docket No. 2 at page 2.

Pursuant to the Uniform Administrative Procedure Act ("UAPA"), "[a]ny party which is adversely affected by a final order or resolution of an agency and who has exhausted all of the remedies provided by the agency or by the corresponding administrative appellate body may file a petition for review before the Court of Appeals," P.R. Laws Ann. tit. 3, § 2172, within a specified term. The UAPA also provides that "[t]he judicial review provided herein shall be the **exclusive** proceeding to review the merits of an administrative decision submitted under this chapter, whether adjudicative or informal in nature." P.R. Laws Ann. tit. 3, § 2172.

---

[1] The Plaintiff failed to specify whether his claim is brought against the individual co-defendants in their personal or official capacity or both. For purposes of this order, we will assume, thus, that the claim is brought against them in both their official and individual capacity.

CIV. NO. 09-1706 (PG)                                                    Page 5

As it stems from the complaint, Plaintiff did not continue the administrative review process to the next required level: the Commonwealth Court of Appeals. Accordingly, this Court must conclude that Plaintiff has failed to exhaust the available administrative remedies and his claims shall be dismissed.

### C. Failure to State a PLRA Claim

The Defendants also argue that Plaintiff's request for relief for emotional damages should be dismissed inasmuch as he has failed to allege in his complaint that he has suffered a physical injury as required by the PLRA.

The PLRA states, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e). "The physical injury need not be substantial, but must be more than de minimis." Quinones-Pagan v. Administracion de Correccion, No. 08-2199, 2009 WL 2058668 at *5 (D.P.R. July 10, 2009) (internal citations omitted).

Here, Plaintiff seeks damages for mental and emotional suffering from being denied proper rehabilitation treatment and attention. See Docket No. 2. However, he has failed to allege that he suffered any physical injury. Therefore, this Court hereby dismisses his complaint, without prejudice, for failure to allege damages compensable under the PLRA..

### D. Failure to State a Section 1983 Claim

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982) (internal quotation marks omitted). "Although prisoners experience a reduction in many privileges and rights, a prisoner retains those constitutional rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir.2009) (citing Turner v. Safley, 482 U.S. 78, 95 (1987)) (internal quotation marks omitted).

"Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action." Sanchez v. Pereira-Castillo, 590 F.3d at 41. A plaintiff

CIV. NO. 09-1706 (PG)                                                    Page 6

must also show that each individual defendant was involved personally in the deprivation of constitutional rights because no respondeat superior liability exists under Section 1983. See Colon-Andino v. Toledo-Davila, 634 F.Supp.2d 220, 232 (D.P.R. 2009) (citing Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir.1984)).

Carrasquillo complains that he has been denied proper attention by Elizabeth Lugo, the officer in charge of his rehabilitation in the penal institution wherein he is an inmate. Plaintiff also claims that her superiors, Wilfredo Horta and Migdalia Cintron, have supported her behavior. See Docket No. 2 at pages 6-7. The Defendants request, however, that Plaintiff's Section 1983 claim is without merit inasmuch as no constitutional right to rehabilitative treatment exists. We agree.

This Court has previously held that "inmates have no constitutional interest in participation in a rehabilitation program." Torres Garcia v. Puerto Rico, 402 F.Supp.2d 373, 383 (D.P.R.2005) (internal citations omitted). See also Morales Montanez v. Puerto Rico, No. 08-1945, 2009 WL 1617929 at *4 (D.P.R. May 29, 2009) ("While the Constitution of Puerto Rico establishes the obligation of the local government to further the moral and social rehabilitation of criminals, there is no federal constitutional right to rehabilitative training or treatment."). Because there can be no violation of his civil rights based upon such a constitutional right, Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the reasons stated above, Defendants' request for dismissal is hereby **GRANTED** (Docket No. 14), and therefore, plaintiff Carrasquillo's claims against the Commonwealth, the AOC, and the individual co-defendants are hereby **DISMISSED WITH PREJUDICE.** Final judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, April 9, 2010.

                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE